IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>ex rel. JASON SOBEK, )<br>              Plaintiff, )<br>  v. )<br> )<br>EDUCATION MANAGEMENT, LLC )<br>SOUTH UNIVERSITY, LLC, doing business as )<br>SOUTH UNIVERSITY ONLINE )<br>ARGOSY EDUCATION GROUP, INC., )<br>doing business as ARGOSY UNIVERSITY )<br>ONLINE, THE ART INSTITUTES )<br>INTERNATIONAL, LLC doing business as THE )<br>ART INSTITUTES ONLINE and EDUCATION )<br>MANAGEMENT CORPORATION, )<br>              Defendants. ) | Civil Action No. 10-131 |

**<u>MEMORANDUM ORDER</u>**

Now pending before the Court is DEFENDANTS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) (ECF No. 89). Defendants (collectively "EDMC") filed a brief in support, Plaintiff filed a response in opposition, EDMC filed a reply, and the motion is ripe for disposition.

Factual and Procedural History

This is a qui tam False Claims Act ("FCA") case. Relator Jason Sobek alleges that EDMC made false certifications of compliance regarding its eligibility to receive federal student loan funding. On October 22, 2012, Magistrate Judge Cynthia Eddy issued a Report and Recommendation ("R&R") which recommended that EDMC's motion to dismiss be granted in part as to Counts III, V and VI and denied in part as to Counts I, II and IV. On May 31, 2013, the Court overruled EDMC's objections and adopted the R&R as the opinion of the Court. EDMC seeks an interlocutory appeal of this decision pursuant to 28 U.S.C. § 1292(b).

Discussion

The statutory text of 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Litigants must leap a high hurdle to obtain interlocutory relief. As recently explained in *Glover v. Udren*, 2013 WL 3072377 (W.D. Pa. June 18, 2013) (citations and punctuation omitted):

> [A] non-final order may only be certified for interlocutory appeal if the court determines that it: (i) involves a controlling question of law; (ii) for which there is substantial ground for difference of opinion; and (iii) which may materially advance the ultimate termination of the litigation if appealed immediately. Each of the elements must be satisfied for certification, and even if all the elements are satisfied, the ultimate decision to grant certification is within the district court's sole discretion. The party seeking interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment. Certification under section 1292(b) should be "sparingly" applied and only be employed in "exceptional cases."

EDMC contends that this standard is met because this case turns on the interpretation of *United States ex rel Wilkins v. United Health Group*, 659 F.3d 295 (3d Cir. 2011) ("*Wilkins*"). Both sides agree that *Wilkins* is the most important case law authority interpreting the FCA in the Third Circuit. Because EDMC seeks review of a decision which denied its motion to dismiss, by definition, the requested relief involves a controlling question of law (i.e., whether Plaintiff has stated valid claims) and a contrary decision by the Court of Appeals would materially advance the ultimate termination of the litigation.

On the other hand, the Court is not convinced that there are "substantial grounds" for differences of opinion. A "substantial ground for difference of opinion" must arise out of doubt as to the correct legal standard, such as conflicting precedent, the absence of controlling law, or complex statutory interpretation. *In re Dwek*, 2011 WL 487582 at *4 (D.N.J. 2011). Strong disagreement with the Court's ruling does not constitute a "substantial ground for difference of opinion." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Nor does a dispute over the application of settled law to a particular set of facts. *Id*. (citations omitted). As explained in this Court's May 31 Opinion, *Wilkins* held that similar alleged violations of the Anti-Kickback statute ("AKS") would survive a motion to dismiss. In cases involving PPA's and regulations in the education context, several other courts have held that similar alleged violations would survive a motion to dismiss. EDMC does not point to conflicting precedent, the absence of controlling law, or complex statutory interpretation. Rather, EDMC simply disagrees with this Court's interpretation and application of *Wilkins*.

In any event, even assuming arguendo that grounds for substantial differences of opinion exist, EDMC has not demonstrated that "exceptional" circumstances warrant interlocutory appeal in this case. Certification pursuant to § 1292(b) represents a "narrow exception to the final judgment rule." *Couch*, 611 F.3d at 633. The arguments set forth by EDMC are present, to some degree, in <u>every</u> case in which the Court denies a motion to dismiss – yet such decisions are generally <u>not</u> appealable. The Court is not persuaded that this case is so different that a piecemeal appeal should be permitted. Indeed, the ultimate merits of EDMC's arguments may benefit from the fuller evidentiary record developed during discovery.

3

Conclusion

In accordance with the foregoing, DEFENDANTS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) (ECF No. 89) is **DENIED**.

SO ORDERED this 23rd day of July, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:   All counsel of record
      Via CM/ECF